Hunter H. Hoestenbach (SBN: 249130)
**HOESTENBACH LAW**
550 W. B St. Fl. 4
San Diego, CA 92101-3537
Tel: 619.940.4868 / Fax: 619.363.4631
E-mail: Hunter@HoestenbachLaw.com

Attorneys for Plaintiff
Robert Talavera

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT TALAVERA,<br><br>    Plaintiff,<br><br>v.<br><br>STEVEN A. BOOSKA dba LAW OFFICE OF STEVEN A. BOOSKA; GRASSY SPRAIN GROUP, INC.; and DOES 1-10, Inclusive,<br><br>    Defendant. | Case# 4:20-cv-07822<br><br>COMPLAINT<br>[15 U.S.C. §§ 1692 – 1692p]<br><br>Judge:    Hon.<br>Ct.:<br><br>Location:  U.S. Courthouse |

Plaintiff ROBERT TALAVERA, based upon information and belief and investigation of counsel, except for those allegations which pertain to the named Plaintiff or her attorney(s) (which are alleged on personal knowledge), files this Complaint and makes the following allegations:

**INTRODUCTION**

1. Plaintiff brings this action against defendants STEVEN A. BOOSKA dba LAW OFFICE OF STEVEN A. BOOSKA; GRASSY SPRAIN GROUP, INC. and DOES 1-10, Inclusive for violations of the Fair Debt Collection Practices Act

("FDCPA"), 15 U.S.C. §§ 1692 – 1692p, which was enacted to prohibit the types of unfair and deceptive debt collection practices that lie at the heart of this matter.

## PARTIES

2. Plaintiff ROBERT TALAVERA is a citizen of the State of California and resides in Wilmington, Los Angeles County, CA.

3. Upon information and belief, defendant STEVEN A. BOOSKA dba LAW OFFICE OF STEVEN A. BOOSKA is a sole proprietor with his principal place of business located at 1141 Harbor Bay Pkwy. Ste. 206, Alameda, Alameda County, CA 94502, where he may be served with process.

4. Upon information and belief, defendant GRASSY SPRAIN GROUP, INC. ("GSG") is a corporation organized under the laws of the state of Florida with its principal place of business located at 1001 Yamato Rd. Ste. 308, Boca Raton, Palm Beach County, FL 33431-4403. GSG may be served with process by and through its registered agent, CSC – Lawyers Incorporating Service, located at 2710 Gateway Oaks Dr. Ste. 150N, Sacramento, CA 95833.

5. Defendant DOE is an unknown individual or business entity engaged in the business of collecting defaulted consumer debt in this state. The true name of Defendant DOE is unknown to Plaintiff at this time and Plaintiff therefore sues said Defendant by such fictitious name. Plaintiff is informed and believes, and thereon alleges, that at all relevant times, Defendant DOE was an individual, limited liability company, corporation or business entity of unknown form that has resided in, has done or is doing business in the state of California. Plaintiff will seek leave of the Court to replace the fictitious name of Defendant DOE with the true name when Plaintiff discovers it. Plaintiff is informed and believes, and thereon alleges, that Defendant DOE is a "debt collector" within the meaning of Civ. Code § 1788.2(c).

- 2 -    Case# 4:20-cv-07822
Complaint

1  Plaintiff is informed and believes, and thereon alleges, that Defendant DOE is
2  vicariously liable to Plaintiff for the acts of BOOSKA and GSG.

3        6.      At all relevant times, each Defendant has committed acts, caused others
4  to commit acts, ratified the commission of acts or permitted others to commit acts
5  alleged herein and has made, caused, ratified or permitted others to make the untrue
6  or misleading representations alleged herein.

7        7.      Each reference herein to "Defendant," "Defendants" or a specifically
8  named Defendant refers to each of the DOE defendants sued under fictitious names.
9  Each reference herein to any act of "Defendant," "Defendants" or a specifically
10 named defendant shall mean that each Defendant acted individually and jointly with
11 the other Defendants.  Unless otherwise indicated, the use of any Defendant's name
12 herein includes all agents, employees, officers, members, directors, heirs,
13 successors, assigns, principles, trustees, sureties, subrogees, representatives, and
14 insurers of that Defendant.

15 **JURISDICTION & VENUE**

16       8.      Subject matter jurisdiction of this Court arises under 28 U.S.C. §§ 1331,
17 1337 and 15 U.S.C. § 1692k(d).  Supplemental jurisdiction exists for the state law
18 claims, if any, pursuant to 28 U.S.C. § 1367.  Declaratory relief is available pursuant
19 to 28 U.S.C. §§ 2201, 2202.  This action arises out of Defendants' violations of the
20 FDCPA, 15 U.S.C. § 1692, *et. seq.*  While many of the violations are described
21 below with specificity, this Complaint alleges violations of the statutes cited in their
22 entirety.

23       9.      Venue is this judicial district is proper pursuant to 28 U.S.C. §
24 1391(b)(2) in that a substantial part of the events or omissions giving rise to the
25 claim occurred in this judicial district.  Venue is also proper in this judicial district
26 pursuant to 15 U.S.C. § 1692k(d) in that Defendants transact business in this judicial

district and the violations of the FDCPA complained of occurred in this judicial district.

## FACTUAL ALLEGATIONS

10. September 28, 2015: Plaintiff, the borrower, allegedly entered into a closed-end credit agreement with Cross River Bank, the lender, for a total initial loan principal of $19,000.00. **(Ex. 1 1:¶4).** Cross River Bank, at the outset of the loan, withheld a nonrefundable Loan Origination Fee / Prepaid Finance Charge of $912.00 from the loan proceeds, leaving an outstanding principal balance of $18,088.00. **(Ex. 1 1:¶4, 2:¶1).** Per the terms of the loan agreement, interest, starting September 29, 2015, was to accrue at 22.16% on the outstanding principal balance of $18,088.00. **(Ex. 1 2:¶1).** As explained below, GSG and BOOSKA would eventually attempt to unlawfully collect that Loan Origination Fee / Prepaid Finance Charge from Plaintiff a second time and would unlawfully attempt to collect interest on that Loan Origination Fee / Prepaid Finance Charge.

11. November 28, 2016: Plaintiff allegedly defaulted on the loan.

13. March 29, 2017: Plaintiff's loan was allegedly charged off.

14. May 30, 2017: GSG allegedly purchased Plaintiff's charged-off loan.

15. November 5, 2019: GSG, by and through its debt collection attorney BOOSKA, filed a debt collection lawsuit against Plaintiff in the Los Angeles Superior Court under Case# 19NWLC43464 to recover the unpaid balance of the loan. Defendants, not in conformity with the terms of the loan agreement, calculated the amount owed on the loan by amortizing 19.79% interest against an outstanding principal balance of $19,000.00. Defendants, in essence, added the already paid $912.00 Loan Origination Fee / Prepaid Finance Charge back into the outstanding principal balance and attempted to collect that Loan Origination Fee / Prepaid Finance Charge a second time with interest. Defendants' inaccurate and misleading

calculation of the balance owed not only attempted to hold Plaintiff liable for the Loan Origination Fee / Prepaid Finance Charge a second time, but it also increased the total amount allegedly owed on the loan at the time of default by over $600.00.

16. New Jersey state law controlled the terms of the loan agreement allegedly entered by Plaintiff with Cross River Bank. **(Ex. 1 2:¶13).** In New Jersey, the interest rate is capped at 16% on written contracts for loans of money. N.J. Rev. Stat. § 31:1-1(a). In the event a higher interest rate is stated in the contract, New Jersey law holds that recovery of all interest is forfeited, and the creditor may only recover the amount of money actually lent. N.J. Rev. Stat. § 31:1-3. What's more, all interest the borrower paid in excess of the legal rate must be deducted from the principal of the loan. *Id.* Defendants' November 5, 2019 debt collection lawsuit unlawfully sought to collect a usurious 19.79% interest rate from the date of loan inception, September 29, 2015, through default, November 28, 2016. Defendants were never entitled to calculate this usurious interest into the debt balance because that interest exceeded 16%. *Id.* Defendants failed to deduct from the alleged principal owed the interest amounts Plaintiff had allegedly paid to the prior creditors in excess of the legal rate. *Id.*

17. The allegations stated in this paragraph are stated upon information and belief. New Jersey's usury law applies to the interest sued for by Defendants because of the ephemeral relationship between the original lender, Cross River Bank, and the subject loan. That is, the real lender in interest was at all times Loan Depot, LLC, the loan servicer. Loan Depot, LLC is a non-bank contractual partner of Cross River Bank, and Loan Depot, LLC routinely engages in a rent-a-bank scheme with Cross River Bank to circumvent federal and state banking, lending and usury regulations. Loan Depot, LLC, at all times, advertises the loans, 100% handles the loan application and background check process, drafts and executes the loan agreements,

accepts the payments on the loans, communicates with the borrowers and directs the bank's actions and decisions. Cross River Bank's involvement is limited to nothing more than funding the loan when instructed to by Loan Depot, LLC. Upon funding the loans, as happened in this instance, Cross River Bank, by way of a standing agreement that predates the loans, immediately sells the loans to a Trust named JLDP. Thereafter, barely a month later, JLDP, on November 13, 2015, sold Plaintiff's alleged loan to Jefferies Asset Funding LLC. On that same day, Jefferies Asset Funding LLC sold Plaintiff's alleged loan to Marketplace Loan Trust, Series 2015-LD1. At all times, Loan Depot, LLC, who is believed to be the owner of Marketplace Loan Trust, remained the loan servicer and the real lender in interest. None of the purchasers and/or owners of Plaintiff's alleged loan subsequent to Cross River Bank are state chartered banks, federally insured banks or otherwise exempt from New Jersey's usury statutes. In short, there was no bank involvement in Plaintiff's alleged loan and thus the interest rate charged on the loan violated New Jersey's usury statutes.

18. As a result of Defendants' conduct, Plaintiff has incurred attorney's fees and costs defending the state court debt collection lawsuit.

19. As a result of Defendants' conduct, Plaintiff has been caused to suffer anxiety and emotional distress.

### FIRST CAUSE OF ACTION:
### VIOLATION OF THE FDCPA

20. Plaintiff brings this first claim for relief against Defendants under the FDCPA, 15 U.S.C. §§ 1692, *et. seq*.

21. Plaintiff incorporates all preceding paragraphs in this Complaint as though fully set forth herein.

A. **FDCPA Threshold Elements**

22. Plaintiff allegedly incurred an obligation to repay a loan, the proceeds of which Plaintiff allegedly used for personal, family and/or household purposes. Plaintiff is therefore allegedly obligated to pay a "debt" as that term is defined by 15 U.S.C. § 1692a(5).

23. Plaintiff is a natural person allegedly obligated to pay a debt to GSG. Plaintiff is thus a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

24. GSG purchased Plaintiff's debt after the debt had fallen into default and after it was charged off by the creditor. GSG thereafter hired BOOSKA to pursue debt collection litigation as necessary to collect the debt from Plaintiff. Defendants regularly collect or attempt to collect, directly or indirectly, debts asserted to be owed another. GSG, a high-volume debt buyer, uses the instrumentalities of interstate commerce and the mails in its business, the principal purpose of which is the collection of debts. Just on behalf of GSG alone, BOOSKA in the past year has attempted, upon information and belief, to collect more than fifty consumer debts. Defendants are thus "debt collectors" as that term is defined by 15 U.S.C. § 1692a(6).

B. **FDCPA Violations**

25. <u>Attempting to Collect Amounts Not Owed</u>: Not in conformity with the terms of the loan agreement that created the alleged debt, Defendants' November 5, 2019 debt collection lawsuit falsely and deceptively attempted to collect from Plaintiff a Prepaid Finance Charge for a second time plus interest on that Prepaid Finance Charge. Defendants' November 5, 2019 debt collection lawsuit calculated the total outstanding balance of the loan based on terms that were not in conformity with the loan agreement and on terms that deceptively increased the amount allegedly owed on the debt. Further, Defendants have attempted to collect a usurious

interest on the loan. Defendants have thus violated the FDCPA with respect to section(s) –

    1692d:    engaging in conduct the natural consequence of which is to abuse the debtor in connection with the collection of a debt;

    1692e:    using false, deceptive and misleading representations in connection with the collection of a debt;

    1692e(2):    falsely representing the amount of the debt;

    1692e(10):    using false representations and deceptive means in an attempt to collect a debt;

    1692f:    using unfair and unconscionable means in an attempt to collect a debt; and

    1692f(1):    attempting to collect amounts not expressly authorized by the loan agreement or permitted by law.

26. Defendants' acts as described above were done knowingly and intentionally for the purpose of coercing Plaintiff to pay the debt.

27. As a result of Defendants' violations of the FDCPA, Plaintiff has been caused to suffer anxiety and emotional distress, and has been caused to suffer other actual damages, including, without limitation, attorney's fees incurred defending Defendants' unlawful debt collection lawsuit.

28. As a result of Defendants' violations of the FDCPA, Plaintiff is entitled to an award of statutory damages, actual damages, costs and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k.

## REQUEST FOR RELIEF

WHEREFORE, Plaintiff prays this Court:

a) Assume jurisdiction in this proceeding;

b) Declare that Defendants violated the FDCPA, including, without limitation, 15 U.S.C. §§ 1692d, e, e(2), e(10), f and f(1);

c) Award Plaintiff actual damages pursuant to 15 U.S.C. § 1692k(a)(1);

d) Award Plaintiff statutory damages in an amount not to exceed $1,000, pursuant to 15 U.S.C. §§ 1692k(a)(2)(A);

e) Award Plaintiff the costs of this action together with reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3); and

f) Award Plaintiff such other and further relief deemed proper and just.

## DEMAND FOR JURY TRIAL

PLEASE TAKE NOTICE that Plaintiff, ROBERT TALAVERA, hereby demands a trial by jury of all triable issues of fact in the above-referenced case.

Respectfully submitted,

Date: November 5, 2020    **HOESTENBACH LAW**

By: /s/ Hunter Hoestenbach
Hunter H. Hoestenbach (SBN: 249130)
550 W. B St. Fl. 4
San Diego, CA 92101-3537
Tel: (619) 940-4868 / Fax: (619) 363-4631
E-mail: Hunter@HoestenbachLaw.com

ATTORNEY FOR PLAINTIFF